**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JACK FREEMAN,
Reg. #140176                                                                                          PLAINTIFF

V.                                         1:14CV00029 KGB/JTR

DR. MELVIN NANCE,
Grimes Unit, ADC, et al.                                                                      DEFENDANTS

**ORDER**

Pending before the Court are several motions. Specifically, Plaintiff Jack Freeman has filed a Motion to Stay Case (Doc. 11), a Motion for Expert Witness (Doc. 25), and a Motion for Issuance of Subpoenas (Doc. 28).[1] For their part, Defendants have filed a Motion to take Deposition from Plaintiff (Doc. 21). The Court will address each in turn.

**I. Motion to Stay Case**

Pursuant to his Motion to Stay Case, Plaintiff seeks to place all proceedings "on hold" due to his placement on suicide watch. *Doc. 11 at 1*. He states that as a result of his placement on suicide watch, he has been denied access to a pen and paper. *Id*. Defendants have filed a Response (Doc. 23), wherein they argue that since filing his

---

[1]Plaintiff has also filed a Motion to Stay Transfer (Doc. 20) seeking to prevent his transfer to another unit until after this action is resolved. As this motion implicates preliminary injunctive relief, the Court must address it in a separate recommendation to the district judge.

Motion to Stay Case, Plaintiff has filed additional pleadings, indicating that he retains access to pen and paper. *Doc 23 ¶ 3*. Defendants also state that they have contacted the Health Services Administrator at the Ouachita River Unit where Plaintiff is housed and determined that he is no longer on suicide watch. *Doc 23 ¶ 4.*

The docket corroborates Defendants' arguments. Plaintiff has submitted nine filings since his Motion to Stay Case. It appears that he is capable of litigating this action and that a stay is unnecessary at this time. In light of the foregoing, the Court finds that Plaintiff's Motion to Stay Case should be denied.

## II. Motion for Expert Witness

Plaintiff seeks appointment of an expert witness in order to prove his allegations that the Defendants' provided treatment failed to meet professional standards. *Doc. 25 at 1*. Plaintiff also contends that an expert witness would enable him to prove that denying him unspecified medication caused him unnecessary pain and suffering. *Id*.

Regardless of the potential usefulness of an expert witness to Plaintiff's case, no civil litigant, even an indigent one, has a legal right to such assistance at government expense. *See Brown v. United States*, 74 Fed. Appx. 611, 614-615 (7th Cir. 2003) ("Brown seeks to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case. However, no civil litigant, even an indigent one, has a legal right

to such aid"). As such, the Court finds it appropriate to deny Plaintiff's Motion for Expert Witness.

### III. Motion for Issuance of Subpoenas

Plaintiff asks the Court to issue subpoenas for the purpose of obtaining witness statements from several individual who are not a party to this action. *Doc. 28 at 1*. Plaintiff further asks for subpoenas which would permit him to obtain "medical records, witness statements, and other documentation" which he alleges that Defendants have on record and whose production they have objected to. *Id*.

The Court declines to issue subpoenas at this time. First, the subpoena of witnesses is premature. As the Court noted in its Initial Order for Pro Se Prisoners (Doc. 3), the Court will ask for a witness list when the case is set for trial and the trial date approaches. *Doc 3 at 2*. There is not yet a scheduled hearing at which the testimony of witnesses will be necessary.

Second, Plaintiff requests subpoenas in order to obtain production of certain documents which Defendants have objected to. This is improper. If the parties dispute whether certain documents should be produced they must first confer in good faith pursuant to Local Rule 7.2(g). Then, if the parties are unable to reach agreement, Plaintiff may put the matter before the Court in the form of a motion to compel. In so doing, Plaintiff should provide evidence that he has first conferred with Defendants

in good faith.

Based on the foregoing, the Court finds that Plaintiff's Motion for Issuance of Subpoenas should be denied at this time.

### IV. Motion to Take Deposition from Plaintiff

Finally, the Court turns to Defendants' Motion to Take Deposition (Doc. 21) from Plaintiff. The Court concludes that good cause exists to grant Defendants' Motion in its entirety. *See* Fed. R. Civ. P. 30 (a)(2).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Stay Case (Doc. 11) is DENIED.

2. Plaintiff's Motion for Expert Witness (Doc. 25) is DENIED.

3. Plaintiff's Motion for Subpoenas (Doc. 28) is DENIED.

4. Defendants' Motion to Take Deposition from Plaintiff (Doc. 21) is GRANTED.

Dated this 25th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE